**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JANETH DELGADO, | ) | |
| CARLOS LEYVA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-mc-00015-TWP-MJD |
| | ) | |
| LAINA PATTON, | ) | |
| INDIANA DEPARTMENT OF CHILD | ) | |
| SERVICES (DCS), MARION COUNTY | ) | |
| DIVISION, | ) | |
| ALL AGENTS ACTING ON BEHALF OF DCS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO PROCEED _IN FORMA PAUPERIS_,**
**DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND DISMISSING THIS ACTION**

This miscellaneous case was opened because the Plaintiffs Janeth Delgado and Carlos Leyva (together, "Plaintiffs"), without the benefit of counsel, filed a Motion for Temporary Restraining Order ("TRO") (Dkt. 1) and Request to Proceed in District Court Without Prepaying the Filing Fee (Dkt. 2), but did not file a Complaint. For the reasons explained below, Plaintiffs' request to proceed _in forma pauperis_ is **granted**, however, their request for a TRO is **denied**, and this miscellaneous action is **dismissed**.

**I. DISCUSSION**

Plaintiffs initiated this action by filing a pleading titled Motion for Temporary Restraining Order ("TRO"), without a complaint. The TRO alleges that the Plaintiff's removed their children from public school to homeschool them, and the Defendant Indiana Department of Child Services ("IDCS") has been attempting to interview the children. Plaintiffs allege that "[a] court order allowing forced interview of [Plaintiffs'] children was issued without due process," which appears

to refer to a pending action in the Marion Superior Court under cause no. 49D22-2502-JM-00184. Plaintiffs' request an order enjoining IDCS from attempting to contact their children, prohibit "further intervention" by IDCS, and to require IDCS to produce documents requested by Plaintiffs.

The Court will first address Plaintiffs' Request to Proceed in District Court Without Prepaying the Filing Fee (Dkt. 2), before addressing the TRO request.

## I. Filing Fee

Plaintiffs' motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Dkt. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre-payment* of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiffs *in forma pauperis* status. *Fiorito v. Samuels*, No. 16-1064, 2016 WL 3636968, at *2 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, No. 14-cv-53, 2015 WL 4773135, at *5 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

## II. Temporary Restraining Order/Preliminary Injunction Standard

Rule 65 of the Federal Rules of Civil Procedure authorizes district courts to issue two forms of temporary injunctive relief: preliminary injunctions and temporary restraining orders. Courts generally apply the same equitable standards to a motion for a temporary restraining order as they do to a motion for a preliminary injunction. *See Int'l Profit Associates, Inc. v. Paisola*, 461 F. Supp. 2d 672, 675 (N.D. Ill. 2006) (collecting cases). Plaintiffs have filed a motion for a temporary restraining order seeking to enjoin IDCS from contacting their children. Given the substance of

the relief sought, the motion for a temporary restraining order is better understood as a motion for preliminary injunction. This is because "[a] temporary restraining order may not exceed 14 days without good cause." *Decker v. Lammer*, No. 21-1328, 2022 WL 135429, *2 (7th Cir. Jan. 14, 2022) (citing Fed. R. Civ. P. 65(b)(2)).

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he or she] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he or she] has some likelihood of prevailing on the merits of [his or her] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

The Court need not address the three threshold elements for a TRO, because a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."). Here, Plaintiffs have not filed a Complaint asserting any claims against the named defendants. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any 'enforcement action,' may be entered only against

a litigant, that is, a party that has been served and is under the jurisdiction of the district court")

(quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767

(7th Cir. 2007)). Accordingly, this Court lacks authority to grant the relief requested, and the TRO

Motion must be **denied**. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d

631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for

injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol.*

*Mines*, 325 U.S. at 220).

In other words, to pursue the requested relief, Plaintiffs must first file a Complaint in a

separate lawsuit. Rule 2 of the Federal Rules of Civil Procedure makes clear that there is only one

form of action—a civil action. Rule 3 prescribes that a civil action is commenced through the filing

of a Complaint. Finally, pursuant to Rule 8(a)(2), a Complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."   The Plaintiffs' motions do

not constitute a Complaint as contemplated by the Federal Rules of Civil Procedure.  *In re Allied*

*Signal Corp.*, 915 F.2d 190, 192 (6th Cir. 1990) ("an action is commenced with the filing of a

complaint rather than a motion"); 1 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE

' 3.02[1] (3d ed. 2000) ("an action is not commenced by . . . filing a motion with the court . . . .").

The Court therefore, has no authority or basis on which to rule on the Plaintiff's TRO motion, as

no civil action has commenced. This miscellaneous proceeding is **dismissed**. If Plaintiffs choose

to initiate a new lawsuit by filing a Complaint, it must be signed in their individual capacities as

*pro se* litigants or by a licensed attorney.[1] Fed. R. Civ. P. 11(a). Plaintiffs may then re-file a motion

for injunctive relief in that new action.

---

[1] Plaintiffs' Motion was signed by Ms. Delgado and a non-party Lynette Cameron Kaplan as "Attorney-in-Fact." (Dkt. 1 at 3). Ms. Kaplan does not appear to be licensed to practice law in any state, and she is not admitted to practice before this federal Court. Plaintiffs may represent themselves or be represented by a licensed attorney. They may not be represented by a non-attorney. *See Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008)

## II. CONCLUSION

For the reasons explained above, Plaintiffs' motion to proceed *in forma pauperis*, Dkt. [2], is **GRANTED**. However, because Plaintiffs have not filed a complaint alleging any claims, their Motion for Temporary Restraining Order, Dkt. [1], must be **DENIED**. Plaintiffs may pursue their claims, if any, by filing a complaint in a separate lawsuit. This action is **DISMISSED without prejudice**. The **clerk is directed** to include a copy of the SDIN Pro Se Complaint Form (Non-Prisoner).

Final judgment consistent with this Order will issue under separate order.

    **SO ORDERED**.

Date:   3/13/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JANETH DELGADO
641 E. 31st St.
Apt. A
Indianapolis, IN 46205

CARLOS LEYVA
641 E. 31st St.
#A
Indianapolis, IN 46205